IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| STUART D. HOWARD,<br><br>Plaintiff,<br><br>vs.<br><br>ANDREW BARKSDALE, #1733, Official capacity; EIRICH, Inv., #1620, Official capacity; J. TENNEY, #1821, Official capacity; HYLAND, Inv., Official capacity; WIARDA, Inv., #1789, Official capacity; BERRY, Inv., #1794, Official capacity; LINCOLN POLICE DEPARTMENT, KOSSOW, Sgt., #1310; LANCASTER COUNTY TASK FORCE, and EISENMENGER, #1813;<br><br>Defendants. | **4:25CV3136**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff Stuart D. Howard's ("Plaintiff") Complaint, Filing No. 1, filed on June 26, 2025.[1] Plaintiff has been given leave to proceed in forma pauperis. Filing No. 10. The Court now conducts an initial review of Plaintiff's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. §§ 1915(e) and 1915A.

## I. SUMMARY OF COMPLAINT

Plaintiff is an inmate currently confined in the Nebraska Department of Correctional Services. Plaintiff sues the Lincoln Police Department ("LPD"), the Lancaster County Task Force ("LCTF"), and several LPD/LCTF investigators and officers—Andrew Barksdale, Eirich, J. Tenney, Hyland, Wiarda, Berry, Kossow, and

---

[1] Plaintiff's Complaint was unsigned upon initial filing. *See* Filing No. 1. Plaintiff filed a signed copy of his Complaint on August 18, 2025, Filing No. 1-1, as well as a second signed signature page on September 2, 2025, Filing No. 1-2.

Eisenmenger (collectively "Officer Defendants")—under 42 U.S.C. § 1983 for an alleged use of excessive force. Plaintiff alleges the Officer Defendants arrested him on December 1, 2023, at approximately 9:00 p.m. in the parking lot of Target on North 48th Street in Lincoln, Nebraska. The Officer Defendants assaulted Plaintiff while arresting him as Plaintiff "followed all directives given to [him] to get on the ground." Filing No. 1 at 5. Plaintiff alleges his right shoulder, neck, head, and back were injured "as [he] laid helpless in Target parking lot," *Id*., and "witnesses were told to keep walking or they would be arrested," *Id*. at 6. Plaintiff's right shoulder required surgery and physical therapy, and a second surgery has been recommended for "a slap tear that still causes pain, discomfort, and limited movement." *Id*. (punctuation corrected). Plaintiff also suffers from PTSD. *Id*. Plaintiff seeks to have "the Officers brought to Justice" and $5,000,000 in compensatory and punitive damages. *Id*.

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The Court is required to review prisoner and in forma pauperis complaints seeking relief against a governmental entity or an officer or employee of a governmental entity to determine whether summary dismissal is appropriate. *See* 28 U.S.C. §§ 1915(e) and 1915A. The Court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569-70 (2007); *see also Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

### III. ANALYSIS OF CLAIMS

Liberally construed, Plaintiff here alleges federal constitutional claims. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege a violation of rights protected by the United States Constitution or created by federal statute and also must show that the alleged deprivation was caused by conduct of a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Buckley v. Barlow*, 997 F.2d 494, 495 (8th Cir. 1993). For the reasons that follow, LPD and LCTF must be dismissed as defendants, but Plaintiff's excessive force claim may proceed against the Officer Defendants in their individual capacities.

### A. Claims against LPD and LCTF

Plaintiff names LPD and LCTF as a defendants in the caption of his Complaint, Filing No. 1 at 1, but his § 1983 claims cannot proceed against these defendants because "it is well settled that municipal police departments, sheriff's offices, and jails

are not generally considered persons within the meaning of 42 U.S.C. § 1983 and thus not amenable to suit." *Ferrell v. Williams Cty. Sheriffs Office*, No. 4:14-CV-131, 2014 WL 6453601, at *2 (D.N.D. Nov. 4, 2014); *see also Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (city police department not suable juridical entity because it is department or subdivision of city government); *Fehderau v. Omaha Police Dep't*, No. 8:18CV592, 2019 WL 4858303, at *2 (D. Neb. Oct. 2, 2019) ("Plaintiff cannot maintain a § 1983 action against the Omaha Police Department because it is not a distinct legal entity amenable to suit under § 1983."); *Meyer v. Lincoln Police Dep't*, 347 F. Supp. 2d 706, 706 (D. Neb. 2004) (city police department not subject to suit because it is agency of the city, which is a political subdivision, and has no separate legal status under Nebraska law). Accordingly, LPD and LCTF will be dismissed as parties to this action.

**B.  Claims against Officer Defendants**

Plaintiff indicated in his Complaint that defendants Barksdale, Eirich, Tenney, and Hyland were sued in their official capacity, but he did not indicate in what capacity the remaining Officer Defendants—Wiarda, Berry, Kossow, and Eisenmenger—were sued. If a complaint does not clearly specify whether a defendant is sued in an official or individual capacity, the Court applies the "course of proceedings" test:  The fundamental question is whether the course of proceedings puts the defendant on notice that they are being sued in their individual capacity and that their personal liability is at stake. *S.A.A. v. Geisler*, 127 F.4th 1133, 1139 (8th Cir. 2025).   The inquiry is whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly.  *Id*.

Here, Plaintiff's Complaint requests relief—punitive damages—that necessarily implicate the Officer Defendants in their individual capacities. Because the complaint seeks relief not available from the Officer Defendants in their official capacities, it suggests an intent to sue them in their individual capacities. *Cf*. *Id*. at 1139-40 (considerations include whether relief not available from official capacity defendants). Accordingly, the Court construes the Complaint as being brought against the Officer Defendants in both their official and individual capacities.

### 1. Official Capacity Claims

Plaintiff's claim against the Officer Defendants in their official capacity is actually a claim against their employing municipality, which appears to be the City of Lincoln and/or Lancaster County. *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006) ("A suit against a public official in his official capacity is actually a suit against the entity for which the official is an agent."); *Rogers v. City of Little Rock, Ark.*, 152 F.3d 790, 800 (8th Cir. 1998) ("Liability for city officials in their official capacities is another form of action against the city . . . ."). In *Monell v. Department of Social Services*, 436 U.S. 658 (1978), the Supreme Court held that a municipality (or other local government unit) can be liable under 42 U.S.C. § 1983 if an "action pursuant to official municipal policy of some nature caused a constitutional tort." *Id*. at 691. "To establish municipal liability, a plaintiff must first show that one of the municipality's officers violated [his] federal right." *Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010) (citing *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (per curiam); *Sanders v. City of Minneapolis*, 474 F.3d 523, 527 (8th Cir. 2007)). "If that element is satisfied, then a plaintiff must establish the requisite degree of fault on the part of the municipality and a

causal link between municipal policy and the alleged violation." *Id*. (citing *City of Canton v. Harris*, 489 U.S. 378, 388-92 (1989)).

To prevail on a claim alleged against the City of Lincoln or Lancaster County, Plaintiff must show that the constitutional violation resulted from (1) an official "policy," (2) an unofficial "custom," or (3) a deliberately indifferent failure to train or supervise. *Corwin v. City of Independence*, 829 F.3d 695, 699 (8th Cir. 2016). "Official policy involves 'a deliberate choice to follow a course of action . . . made from among various alternatives' by an official who has the final authority to establish governmental policy." *Jane Doe A By & Through Jane Doe B v. Special Sch. Dist. of St. Louis Cty.*, 901 F.2d 642, 645 (8th Cir. 1990) (quoting *Pembaur v. City of Cincinnati*, 475 U.S. 469, 483 (1986)).

> Alternatively, a plaintiff may establish municipal liability through an unofficial custom of the municipality by demonstrating "(1) the existence of a continuing, widespread, persistent pattern of unconstitutional misconduct by the governmental entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice to the officials of that misconduct; and (3) that plaintiff was injured by acts pursuant to the governmental entity's custom, i.e., that the custom was a moving force behind the constitutional violation."

*Malone v. Hinman*, 847 F.3d 949, 955 (8th Cir. 2017) (quoting *Corwin*, 829 F.3d at 699-700). A municipal liability claim based on a theory of inadequate training or supervision is simply an extension of a claim based on a "policy" or "custom" theory of municipal liability. *Marsh v. Phelps Cty.*, 902 F.3d 745, 751 (8th Cir. 2018).

Here, Plaintiff's Complaint fails to allege that any actions were taken pursuant to a policy or custom of the City or the County, nor does the Complaint allege facts suggesting a failure to train on the part of either entity. "Although [Plaintiff] need not set

6

forth with specificity the existence of an unconstitutional policy or custom at the pleading stage, he must nonetheless present some allegations, references, events, or facts from . . . which the court could begin to draw an inference that the conduct complained of . . . resulted from an unconstitutional policy or custom of the [City or] County or a deliberate choice by a decision-maker with final authority." *Cotton v. Douglas Cty. Dep't of Corr.*, No. 8:16CV153, 2016 WL 5816993, at *6 (D. Neb. Oct. 5, 2016). Accordingly, Plaintiff's Complaint fails to state a claim against the Officer Defendants in their official capacities and such claim will be dismissed.

### 2. *Individual Capacity Claim*

Plaintiff's remaining claim is an excessive force claim against the Officer Defendants in their individual capacities. "An excessive force claim 'is governed by the Fourth Amendment's prohibition against unreasonable seizures,'" *Thompson v. Dill*, 930 F.3d 1008, 1013 (8th Cir. 2019) (quoting *Loch v. City of Litchfield*, 689 F.3d 961, 965 (8th Cir. 2012)), and "is evaluated under the reasonableness standard of the Fourth Amendment," *Coker v. Arkansas State Police*, 734 F.3d 838, 842 (8th Cir. 2013) (internal quotation and citation omitted). To show a Fourth Amendment violation by the use of force, a plaintiff must establish (1) that he was "seized" within the meaning of the Fourth Amendment and (2) that an officer's use of force was objectively unreasonable given the facts and circumstances of the incident as "judged from the perspective of a reasonable officer on the scene." *Bishop v. Glazier*, 723 F.3d 957, 961 (8th Cir. 2013) (internal quotation and citation omitted); *see also Atkinson v. City of Mountain View*, 709 F.3d 1201, 1209 (8th Cir. 2013).

7

To constitute a "seizure" under the Fourth Amendment, there must be a willful or intentional application of physical force, as determined by the "officer's objective behavior," or the plaintiff's submission to the police officer's show of authority. *Atkinson v. City of Mountain View*, 709 F.3d 1201, 1208 (8th Cir. 2013). A seizure must "restrain[] . . . freedom of movement," but the "restraint need not actually succeed in stopping or holding [the person] even for an instant." *Id.* (internal quotations, alterations, and citations omitted) (police officer's "bull rush" at plaintiff was "more than enough physical force to effect a seizure under the Fourth Amendment" (citing cases)).

"Objective unreasonableness is 'judged from the perspective of a reasonable officer on the scene,' in light of 'the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Wilson v. Lamp*, 901 F.3d 981, 989 (8th Cir. 2018) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)). The Court may also consider the result of the force. *Smith v. Kansas City, Missouri Police Dep't*, 586 F.3d 576, 581 (8th Cir. 2009). "Force may be objectively unreasonable when a plaintiff does not resist, lacks an opportunity to comply with requests before force is exercised, or does not pose an immediate safety threat." *Wilson*, 901 F.3d at 989 (citing *Smith*, 586 F.3d at 581).

Here, nothing in the Complaint suggests Plaintiff presented an immediate threat to the safety of the Officer Defendants or others nor is there any indication Plaintiff failed to comply with any of the Officer Defendants' requests before they exercised force. Rather, Plaintiff alleges he "followed all directives given to [him] to get on the ground" and the Officer Defendants "caused injuries to [his] body as [he] laid helpless" on the

ground.  Filing No. 1 at 5.  Plaintiff suffered significant injuries, including an injury to his shoulder requiring surgery.  Plaintiff alleges all the Officer Defendants took part in his arrest.  *Id.* at 6.  Liberally construing Plaintiff's allegations, the Court concludes Plaintiff has stated a Fourth Amendment excessive force claim against the Officer Defendants in their individual capacities.

## IV.  CONCLUSION

Plaintiff's Complaint fails to state a § 1983 claim against the Lincoln Police Department, the Lancaster County Task Force, and the Officer Defendants in their official capacities, and those claims will be dismissed without prejudice.  For purposes of initial review, Plaintiff has alleged sufficient facts to state a Fourth Amendment excessive force claim against the Officer Defendants in their individual capacities, and that claim may proceed to service of process.  However, the Court cautions Plaintiff that this is only a preliminary determination based on the allegations found within the Complaint.  This is not a determination of the merits of Plaintiff's claims or potential defenses thereto.

IT IS THEREFORE ORDERED that:

1.    Plaintiff's claims against the Lincoln Police Department, the Lancaster County Task Force, and the Officer Defendants in their official capacities are dismissed without prejudice.

2.    For purposes of initial review only, Plaintiff has stated a plausible Fourth Amendment excessive force claim against defendants Andrew Barksdale, Eirich, J. Tenney, Hyland, Wiarda, Berry, Kossow, and Eisenmenger in their individual capacities.

3.    The Clerk of Court is directed to update the caption to reflect that defendants Andrew Barksdale, Eirich, J. Tenney, Hyland, Wiarda, Berry, Kossow, and Eisenmenger are sued in their individual capacity only.

4.    For service of process on defendants Andrew Barksdale, Eirich, J. Tenney, Hyland, Wiarda, Berry, Kossow, and Eisenmenger in their individual capacities, the Clerk of Court is directed to complete a summons form and a USM-285 form for each defendant using the address "Lincoln Police Department, 575 S. 10th St., Lincoln, Nebraska 68508" and forward them together with a copy of the Complaint, Filing No. 1; Filing No. 1-1; Filing No. 1-2, and a copy of this Memorandum and Order to the United States Marshals Service.  The Marshals Service shall serve defendants at Lincoln Police Department, 575 S. 10th St., Lincoln, Nebraska 68508 by certified mail or by using any of the other following authorized methods: personal, residence, or designated delivery service.  *See* Federal Rule of Civil Procedure 4(e); Neb. Rev. Stat. § 25-508.01.

5.    For service by certified mail or designated delivery service, the Marshals Service shall send the summons to defendants within ten days of the Clerk of the Court issuing and forwarding the summons to the Marshals Service.  *See* Neb. Rev. Stat. § 25-505.01(1).

6.    The United States Marshal shall serve all process in this case without prepayment of fees from Plaintiff.[2]

---

[2] Pro se litigants proceeding in forma pauperis are entitled to rely on service by the United States Marshals Service.  *Wright v. First Student, Inc.*, 710 F.3d 782, 783 (8th Cir. 2013).  Pursuant to 28 U.S.C. § 1915(d), in an in forma pauperis case, "[t]he officers of the court shall issue and serve all process, and perform all duties in such cases."  *See Moore v. Jackson*, 123 F.3d 1082, 1085 (8th Cir. 1997) (language in § 1915(d) is compulsory).  *See also Beyer v. Pulaski County Jail*, 589 Fed. Appx. 798 (8th Cir. 2014) (unpublished) (vacating district court order of dismissal for failure to prosecute and directing district court to order the Marshal to seek defendant's last-known contact information where plaintiff contended that the Jail would have information for defendant's whereabouts); *Graham v. Satkoski*, 51 F.3d 710, 713 (7th Cir. 1995) (when court instructs Marshal to serve papers for prisoner, prisoner need furnish no more than

7.      Federal Rule of Civil Procedure 4(m) requires service of the complaint on a defendant within 90 days of filing the complaint.  However, Plaintiff is granted, on the Court's own motion, an extension of time until 90 days from the date of this order to complete service of process.

8.      Plaintiff is hereby notified that failure to obtain service of process on the defendants within 90 days of the date of this order may result in dismissal of this matter without further notice.  A defendant has 21 days after receipt of the summons to answer or otherwise respond to a complaint.

9.      The Clerk of Court is directed to set a case management deadline in this case with the following text: **April 2, 2026**: service of process to be completed.

10.     The parties are bound by the Federal Rules of Civil Procedure and by the Local Rules of this Court.  Plaintiff shall keep the Court informed of his current address at all times while this case is pending.  Failure to do so may result in dismissal.


Dated this 2nd day of January, 2026.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge

---

information necessary to identify defendant; Marshal should be able to ascertain defendant's current address).